# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

OZZIE HORTON,                          )
                                       )
                    Petitioner,        )
                                       )
        vs.                            )   **Case No. 4:11cv0984 HEA/TCM**
                                       )
MICHAEL BOWERSOX,[1]                   )
                                       )
                    Respondent.        )

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Ozzie Horton (Petitioner), a Missouri prisoner, petitions the United States District Court

for the Eastern District of Missouri for federal habeas corpus relief from a conviction after a

guilty plea. See 28 U.S.C. § 2254. Respondent filed a response, along with exhibits

consisting of materials from the underlying state court proceedings.[2] (See Docs. 6 and 7).

This matter is before the undersigned United States Magistrate for review and a

recommended disposition of Petitioner's federal habeas petition. See 28 U.S.C. § 636(b).

After careful consideration, the undersigned will recommend the denial of the petition upon

concluding that Petitioner is not entitled to relief because a part of ground three and all of

---

[1] Petitioner is serving concurrent terms of imprisonment as a result of the judgment he is challenging in this habeas proceeding. Because Petitioner is not challenging a sentence he will serve in the future, it is not necessary to name the Attorney General of Missouri, Chris Koster, as a respondent in this case. See Rule 2(b), Rules Governing Section 2254 Cases in the United States District Courts.

[2] Because the legal file for the underlying state court cases, designated as Respondent's Ex. A [Doc. 7], discloses a complete social security number, see, e.g., Complaint at 8 and Judgment at 13, the undersigned will direct that the legal file be maintained under seal.

grounds one and two, are procedurally defaulted; that Petitioner failed to demonstrate either cause and prejudice or actual innocence so as to allow this Court to consider the merits of any of those procedurally defaulted claims; and that the portion of ground three that may be considered on its merits should be denied for lack of merit.

## **Background**

Petitioner was charged, as a prior and persistent offender, with committing on November 13, 2006, first-degree robbery in violation of Mo. Rev. Stat. § 569.020 and armed criminal action in violation of Mo. Rev. Stat. § 571.015, when he stole, while displaying what appeared to be a dangerous instrument, an automobile possessed by Jesse Garth. (See Counts I and II of the Indictment, Legal File, Resp't Ex. A, at 8-9).

In March 2009, Petitioner pleaded guilty to the two charged offenses. (See Tr. Guilty Plea Proceeding, Legal File, Resp't Ex. A, at 27-41.) During the plea proceeding, the plea court questioned Petitioner, in relevant part, about anything anyone may have promised to get him to plead guilty; and reviewed with the prosecutor the potential sentences that might be imposed. (Id. at 32-35, 38-39.) Specifically, the transcript reveals the following.

> [PROSECUTOR]: Your Honor, [the first-degree robbery charge in] Count I is a Class A felony. It carries from ten years to thirty years or life incarceration.
>
> [The armed criminal action charge in] Count II is a classless felony. It carries from three years to any number of years or life incarceration.
>
> THE COURT: All right. [Petitioner], you heard the prosecutor describe the range of punishment. Did you understand that?
>
> [PETITIONER]: Yes, sir.

- 2 -

THE COURT: Do you also understand that robbery in the first degree requires that you do 85 percent of any sentence that's imposed?

[PETITIONER]: Yes, sir.

THE COURT: Do you understand that?

[PETITIONER]: Yes, sir.

THE COURT: Do you also understand that armed criminal action mandates a minimum of three years without probation or parole? Do you understand that?

[PETITIONER]: Yes sir.

THE COURT: The State's recommendation?

[PROSECUTOR]: You Honor, based on the two priors that the Court alluded to earlier and the fact that [Petitioner] has also pled guilty in St. Louis County to burglary in the second degree and stealing, we would recommend that he be sentenced to twenty years in the Missouri Department of Corrections, concurrent on each count in this case.

THE COURT: All right. Now, [Petitioner], you heard the prosecutor describe his recommendation. Do you understand that's not binding upon me because I have not accepted it? Do you understand that?

[PETITIONER]: Yes, sir.

\* \* \*

THE COURT: Okay. Has anyone made any promises to you to get you to plead guilty?

[PETITIONER]: No, sir.

\* \* \*

THE COURT: Do you think [your lawyer has] told you what all of your legal rights are and what could happen to you as a result of your pleas?

[PETITIONER]: Yes, sir.

(Id. at 32-34, 35.)  At the conclusion of the plea proceeding the court advised Petitioner that it had "discussed [Petitioner's] situation with the lawyers and . . . anticipate[d] imposing a sentence of seventeen years on [Petitioner]."  (Id. at 40.)

The plea court subsequently sentenced Petitioner to a seventeen-year term of imprisonment for the first-degree robbery conviction and a three-year term of imprisonment for the armed criminal action conviction, with those sentences to run concurrently to each other and to "any sentences previously imposed on" Petitioner, specifically a sentence imposed in a probation revocation proceeding in cause no. 22041-01060-01.  (Tr. Sentencing Proceeding, Legal File, Resp't Ex. A, at 19-20; J., filed Mar. 27, 2009, Legal File, Resp't Ex. A, at 13-15.) During the sentencing proceeding, the following colloquy occurred between the court and Petitioner.

> THE COURT: . . . Between the time you were arrested and the time you pleaded guilty, did you have time to meet and talk with [your attorney] about your case?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Did he give you a copy of the police reports?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Did he go over what was in that [sic] with you?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Did you give him the names of any people that you thought could be witnesses for you in the case?

[PETITIONER]: Yes, sir.

THE COURT: Did you discuss how these people could be located and what they could say?

[PETITIONER]: Yes, sir.

THE COURT: Do you have any reason to believe that [your attorney] did not talk to these people?

[PETITIONER]: No, sir.

THE COURT: Did [your attorney] explain your options, as far as standing trial versus pleading guilty?

[PETITIONER]: Yes, sir.

THE COURT: Did he tell you what sentence you could get if you went to trial and were found guilty?

[PETITIONER]: Yes, sir.

THE COURT: Did he tell you what the State was offering? What was it, twenty?

[PROSECUTOR]: Twenty, Your Honor.

THE COURT: Did you talk about that with [your attorney]?

[PETITIONER]: Yes, sir.

THE COURT: Did he talk about your option of pleading open, without a plea agreement?

[PETITIONER]: Yes, sir.

THE COURT: Did you tell him you wanted to do that?

[PETITIONER]: Yes, sir.

THE COURT: Was that your decision?

[PETITIONER]: Yes, sir.

THE COURT: When you came in to enter your plea, did you feel you were ready, as far as knowing where you stood under the law?

[PETITIONER]: Yes, sir.

THE COURT: Do you know of any reason why I should think [your attorney] did not do an adequate job for you in the case?

[PETITIONER]: No, sir.

THE COURT: Did he make any kind of promises to you to get you to plead guilty, like, you'll be out in two years or anything like that?

[PETITIONER]: No, sir.

THE COURT: Did he promise you even a candy bar to get you to plead guilty?

[PETITIONER]: No, sir.

(Id. at 22-24.)

While Petitioner did not file a notice of appeal,[3] he did file a timely pro se motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Pet'r Pro se Post-Conviction Mot., Legal File, Resp't Ex. A, at 45-50.) Petitioner presented three ineffective assistance of counsel claims in that post-conviction motion. (Id. at 46). Specifically, Petitioner urged that his plea attorney provided ineffective assistance by failing to investigate background information from his grandmother, Lily Williams, and his "mental history" (claim

---

[3] An appeal from a guilty plea is not the proper time to present federal constitutional claims in state court as "[i]t is well settled that in a direct appeal from a guilty plea, th[e Missouri appellate] court's review is restricted to the subject-matter jurisdiction of the trial court or the sufficiency of the information or indictment." **State v. Goodues**, 277 S.W.3d 324, 326 (Mo. Ct. App. 2009); accord **State ex rel. Simmons v. White**, 866 S.W.2d 443, 446 n.4 (Mo. 1993) (en banc).

one); by failing to investigate and interview Petitioner, his mother, Lily Williams, his girlfriend, Lashonda Jennings, and his girlfriend, Deshand Jenkings, regarding his "mental history" (claim two); and by misleading Petitioner by telling him he would receive a ten-year prison sentence and be eligible for parole in six-and-one-half years (claim three). (Id. at 46-47.)

Through appointed counsel, Petitioner thereafter filed an amended post-conviction motion, including a request for an evidentiary hearing. (Pet'r Am. Post-Conviction Mot., Legal File, Resp't Ex. A, at 57-64.) In his amended post-conviction motion, Petitioner presented a claim that his plea attorney provided ineffective assistance of counsel by promising Petitioner he would be sentenced to no "more than 15 years in prison if he entered a blind plea of guilty." (Id. at 58.)

Interpreting Petitioner's amended post-conviction motion as presenting only that one claim, the post-conviction motion court denied the motion without an evidentiary hearing. (Mem., Order and J., filed Feb. 10, 2010, Legal File, Resp't Ex. A at 65-67.) Specifically, the post-conviction motion court concluded that the claim was directly refuted by the record in that the plea court had advised Petitioner at the conclusion of the plea proceeding that it was considering imposing a seventeen-year sentence, and, during the sentencing proceeding, Petitioner stated that his attorney had not made any promises, "like, you'll be out in two years or anything like that," to get Petitioner to plead guilty. (Id. at 66.)

In the only point raised in his post-conviction appeal, Petitioner argued that the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing

because his attorney provided ineffective assistance of counsel, in violation of the Fifth, Sixth, and Fourteenth Amendments, by telling Petitioner "that if he pleaded guilty, he would not be sentenced to more than 15 years in prison." (Pet'r Br., Resp't Ex. B, at 8, 9.) Petitioner contended that he would not have pleaded guilty but for his attorney's ineffectiveness. (Id.)

The Missouri Court of Appeals for the Eastern District affirmed the motion court's decision in a summary order, supplemented by a memorandum sent only to the parties setting forth the reasons for the decision. (Per Curiam Order and Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Feb. 8, 2011, Resp't Ex. D.) In its opinion, the state appellate court found as follows.

> [W]hen a defendant pleads guilty, he is entitled to relief only if he can show that his counsel's actions affected the voluntariness or understanding of his plea. Felton v. State, 103 S.W.3d 367, 371-72 (Mo. [Ct.] App. . . . 2003). He must establish that he had a reasonably mistaken belief about his sentence based on a positive misrepresentation made by counsel. Id. A defendant's mistake is not reasonable if it is refuted by the record. Id. at 372. [Petitioner]'s claim of sentencing promises made by his trial counsel is directly refuted by the record. At the plea, the plea[] judge specifically asked [Petitioner] if his counsel had made any promise as to what sentence he would receive if he pled guilty. [Petitioner] answered no. As [Petitioner]'s alleged belief about his sentence was not reasonable, he would not be entitled to relief . . . .
>
> . . . [T]o justify the denial of an evidentiary hearing, the plea[] judge must have asked questions of the accused that are specific enough to support the motion court's finding that the record conclusively refutes [Petitioner]'s ineffective assistance allegations. State v. Driver, 912 S.W.2d 52, 55 (Mo. banc 1995). As discussed above, the record shows that the plea[] judge asked questions with enough specificity to support the motion court's judgment. The plea[] judge asked [Petitioner] if his counsel had promised *anything*, even a candy bar, to get him to plead guilty, to which he responded "no." . . .
>
> . . . [T]he motion court did not clearly err[] in denying [Petitioner's] motion without a hearing.

The Judgment is affirmed.

(Mem. Supplementing Order Affirming J. Pursuant to Rule 84.16(b), dated Feb. 8, 2011, Resp't Ex. D, at 2-3 (emphasis in original).) The state appellate court issued its mandate on March 2, 2011. (See Mandate, Resp't Ex. E.) Petitioner did not pursue further review of the post-conviction motion court's judgment. (See docket sheet for Horton v. State, No. ED94566 (Mo. Ct. App. filed Mar. 22, 2010) (available at https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited on June 19, 2014).)

On May 31, 2011, Petitioner filed his present federal habeas petition, in which he presents three grounds for relief based on the ineffective assistance of his plea attorney. In his first ground for relief, Petitioner urges that his plea attorney provided ineffective representation by failing to investigate his "mental history" and the testimony of witnesses, specifically by failing to investigate "and return affidavits" from his grandmother, Lily Williams. (Pet'r Pet'n at 6 [Doc. 1 at 5].) In his second ground, Petitioner contends that his attorney provided ineffective assistance by failing to investigate and interview Petitioner. (Id. at 7 [Doc. 1 at 6].) In particular, Petitioner asserts his counsel failed to investigate and elicit testimony from Petitioner, his mother Lily William, and his girlfriend Lashonda Jennings, "as evidence of specifics due to mental history"; and failed to "spend any time with [Petitioner] over the 3 years" that the attorney represented Petitioner. (Id.) For his third and final ground for relief, Petitioner argues that his attorney provided ineffective representation by failing to raise the voluntariness of his confession and by misleading Petitioner in that counsel told Petitioner that he would receive a ten-year sentence and "would be eligible for parole in 6 and

one half years."  (<u>Id.</u> at 9 [Doc. 1 at 8].)

Respondent counters that the first two grounds are procedurally defaulted and may not be addressed on their merits, because they were not pursued in either Petitioner's amended post-conviction motion or Petitioner's post-conviction appeal.  Respondent also argues that those two claims lack merit.  Respondent did not expressly address Petitioner's third ground for relief.

## Discussion

<u>Procedural Default.</u>  As noted earlier, Petitioner urges in the first two grounds for relief that his plea attorney failed to investigate Petitioner, his grandmother, his mother, and his girlfriend regarding his "mental history"; and failed to spend sufficient time with Petitioner. Respondent counters that these two grounds are procedurally barred, and may not be considered on their merits, because Petitioner failed to pursue them in his amended post-conviction motion and post-conviction appeal.

While Respondent did not address ground three, the part of that ground in which Petitioner urges that his plea attorney did not challenge the voluntariness of his confession was also not pursued in Petitioner's amended post-conviction motion or post-conviction appeal. Therefore, the undersigned will consider the procedural default of that portion of the third ground along with the procedural default of grounds one and two.

To avoid procedurally defaulting on a claim, a Petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim.

**Wemark v. Iowa**, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting, in part, Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)); accord **Baldwin v. Reese**, 541 U.S. 27, 29 (2004). "A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition."[4] **Wemark**, 322 F.3d at 1021 (quoting Joubert v. Hopkins, 75 F.3d 1232, 1240 (8th Cir. 1996)). A petitioner must also exhaust his state remedies, by giving "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." **Grass v. Reitz**, 643 F.3d 579, 584 (8th Cir. 2011) (internal quotation marks omitted) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). Claims that have not been exhausted and fairly presented to the state courts are procedurally defaulted. **Wemark**, 322 F.3d at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)).

---

[4] With respect to the portion of ground three in which Petitioner contends that he was misled when his plea attorney stated that he would receive a ten-year prison sentence and would be eligible for parole in six and one-half years, that contention is only slightly different factually from the point Petitioner raised in his post-conviction appeal, that he was misled by his plea counsel telling him he would receive a term of imprisonment no longer than fifteen years. The legal basis of the claim in the post-conviction appeal and in this proceeding, that his plea attorney provided ineffective assistance by misleading Petitioner about his sentence, is the same. The factual basis of those claims, that the attorney misled Petitioner by advising him that he would receive a sentence less than the seventeen-year sentence imposed, is also the same. The difference in the factual detail of those claims, whether the attorney advised Petitioner he would receive a ten-year sentence or a fifteen-year sentence, rather than a seventeen-year sentence, is not significant for purposes of the procedural analysis under the circumstances of this case. Because the claim presented to the state court in the post-conviction appeal has a factual basis and legal basis identical to the claim presented in ground three in this federal habeas proceeding, the undersigned will consider this part of ground three as not procedurally defaulted and as subject to consideration on its merits. Therefore, this portion of ground three is not encompassed by this discussion of procedural issues, and will be discussed on its merits later.

Missouri requires the raising of constitutional claims at the first available opportunity. See **In re J.M.N.**, 134 S.W.3d 58, 73 (Mo. Ct. App. 2004); **In re T. E.**, 35 S.W.3d 497, 504 (Mo. Ct. App. 2001). Due to the limited scope of a direct appeal after a guilty plea, see note 3, supra, constitutional challenges to the conduct of a plea attorney may be presented to the state court through a post-conviction proceeding under Missouri Supreme Court Rule 24.035. That Rule provides the "exclusive procedure" for presentation to state court of "claims that the conviction or sentence imposed violates the . . . constitution of the United States, including claims of ineffective assistance of . . . counsel." Rule 24.035(b). A decision on a Rule 24.035 motion may be appealed, Rule 24.035(k), and successive motions may not be filed, Rule 24.035(l). Claims that should have been but were not presented in an amended post-conviction motion or on appeal from a denial of a post-conviction motion are procedurally defaulted and may not be considered in a federal habeas proceeding. See, e.g., **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (finding that claims not presented in an amended post-conviction motion under Mo. S. Ct. R. 29.15 or in the appeal from the denial of that motion are procedurally defaulted).

Petitioner was, therefore, required to present to a lower state court and an appellate state court, in a post-conviction proceeding under Rule 24.035, any federal constitutional claim he had, including claims that his plea attorney did not provide effective assistance of counsel. He has not, however, presented the ineffective assistance of counsel claims pursued in grounds one and two, and in the part of ground three focused on his confession, in either his amended post-conviction motion or his post-conviction appeal. Moreover, he cannot file another Rule

24.035 motion at this time. Under the circumstances, Petitioner has not complied with Missouri's requirements for the presentation to the state courts of those federal habeas claims; Petitioner does not now have a state court remedy for presentation of those claims; and those grounds for relief are, therefore, procedurally defaulted. See **id.**; **Sweet v. Delo**, 125 F.3d 1144, 1149-50 (8th Cir. 1997) (finding two of the petitioner's federal habeas claims defaulted because they were not presented at any stage of his post-conviction proceedings and one of the petitioner's claims was defaulted because he "failed to raise it in his post-conviction appeal").

Absent a showing of cause and prejudice or a miscarriage of justice, a federal habeas court may not reach the merits of a federal constitutional claim procedurally defaulted due to a petitioner's failure to follow applicable state rules in raising the claim in state court. **Sawyer v. Whitley**, 505 U.S. 333, 338-39 (1992); accord **Skillicorn v. Luebbers**, 475 F.3d 965, 976-77 (8th Cir. 2007) ("Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted claims in which the petitioner failed to follow applicable state procedural rules in raising the claims"). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] .. . 'impeded [his] efforts to comply with the State's procedural rule.'" **Maples v. Thomas**, 132 S. Ct. 912, 922 (2012) (alterations in original) (quoting Coleman v. Thompson, 501 U.S. 722, 753 (1991)). There is no exhaustive catalog of the objective impediments "and the precise contours of the cause requirement have not been clearly defined." **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir.

1999). If no cause is established, it is unnecessary to consider whether Petitioner has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996) (en banc).

Petitioner has not demonstrated any cause for his failure to present to the state courts grounds one and two, as well as the procedurally defaulted portion of ground three. Due to the absence of cause, the Court will not address the prejudice element of the cause and prejudice standard applicable to procedurally defaulted claims. See **id.**

The fundamental miscarriage of justice exception allowing resolution of a procedurally defaulted claim on its merits "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). Petitioner must show not only new evidence, but "that 'it is more likely than not that no reasonable [fact-finder] would have convicted him in light of th[at] new evidence.'" **Osborne v. Purkett**, 411 F.3d 911, 920 (8th Cir. 2005) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); accord **House v. Bell**, 547 U.S. 518, 536-39 (2006) (Schlup standard applies to determine whether defaulted claims in a first federal habeas petition should be considered based on actual innocence). Evidence is "new" for purposes of this test "if it was 'not available at [the plea] and could not have been discovered earlier through the exercise of due diligence.'" **Osborne**, 411 F.3d at 920 (quoting Amrine v. Bowersox, 238 F.3d 1023, 1029 (8th Cir. 2001)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513

U.S. at 316).

Petitioner has not submitted any new evidence of his actual innocence so as to permit this Court to consider the merits of Petitioner's defaulted claims.

Under the circumstances, grounds one and two, as well as the defaulted portion of ground three, are procedurally barred due to Petitioner's procedural default and failure to demonstrate either cause and prejudice or a fundamental miscarriage of justice to support consideration of the merits of those procedurally barred claims. Therefore, the undersigned will recommend the denial of those claims without further consideration of their merits.

Merits - Ineffective Assistance of Counsel - Misleading Statement about the Length of Sentence (Ground Three). Petitioner contends his plea attorney provided ineffective assistance because he told Petitioner he would only be sentenced to a ten-year term of imprisonment and be eligible for parole in six and one-half years.

Standard of Review. "In the habeas setting, a federal court is bound by the [Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")] to exercise only limited and deferential review of underlying state court decisions." **Lomholt v. Iowa**, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the

state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." **Williams v. Taylor**, 529 U.S. 362, 413 (2000) ("**Taylor**"). If the state court's decision is not "contrary to" clearly established law, then the standard of "unreasonableness" applies and is "meant to be difficult to meet, and 'even a strong case for relief does not mean the state court's contrary conclusion was unreasonable.'" **Williams v. Roper**, 695 F.3d 825, 831 (8th Cir. 2012) (quoting <u>Harrington v. Richter</u>, 131 S. Ct. 770, 786 (2011)), <u>cert. denied</u>, 134 S. Ct. 85 (2013).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." **Taylor**, 529 U.S. at 407-08; <u>see also</u> **id.** at 413.  "The unreasonable application inquiry is an objective one." **de la Garza v. Fabian**, 574 F.3d 998, 1001 (8th Cir. 2009).

In reviewing state court proceedings to ascertain whether they are contrary to or involve an unreasonable application of clearly established federal law, this Court "is limited to the record that was before the state court that adjudicated the claim on the merits." **Cullen v. Pinholster**, 131 S. Ct. 1388, 1398 (2011) (quoting <u>Harrington</u>, 131 S. Ct. at 784, 786). Additionally, this Court's review is limited to consideration of the United States Supreme Court precedents at the time the state court issues its decision on the merits. **Greene v. Fisher**, 132 S. Ct. 38 (2011) (relying on <u>Cullen, supra</u>); <u>accord</u> **Losh v. Fabian**, 592 F.3d 820, 823 (8th Cir. 2010) ("[o]nly rulings in [United States] Supreme Court decisions issued before the state court acts are considered clearly established federal law, for a state court does not act

contrary to or unreasonably apply clearly established federal law if there is no controlling [United States] Supreme Court holding on the point" (citations omitted)).  The state court does not need to cite to Supreme Court cases, "'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  **Revels v. Sanders**, 519 F.3d 734, 739 (8th Cir. 2008)) (quoting Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)).

A state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record."  **Ryan v. Clarke**, 387 F.3d 785, 790 (8th Cir. 2004) (internal quotation marks omitted) (quoting Jones v. Luebbers, 359 F.3d 1005, 1011-12 (8th Cir. 2004)).  Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct" unless rebutted by the petitioner by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).  The deference owed by a federal habeas court to a state court's findings of fact includes deference to state court credibility determinations, **Smulls v. Roper**, 535 F.3d 853, 864 (8th Cir. 2008) (en banc), and to "[a] state court's findings of fact made in the course of deciding" an ineffective assistance of counsel claim, **Odem v. Hopkins**, 382 F.3d 846, 849 (8th Cir. 2004).  Moreover, the presumption of correctness of findings of fact applies to the factual determinations made by a state court at either the trial or appellate levels.  **Smulls**, 535 F.3d at 864-65.

A petitioner has a heavy burden to overcome admissions the petitioner made at a plea hearing.  A "defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'"  **Nguyen v.**

**United States**, 114 F.3d 699, 703 (8th Cir. 1997) (quoting <u>Voytik v. United States</u>, 778 F.2d 1306, 1308 (8th Cir. 1985)); **Bramlett v. Lockhart**, 876 F.2d 644, 648 (8th Cir. 1989) (quoting <u>Voytik</u>, 778 F.2d at 1308); <u>see also</u> **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity" and representations of the defendant at the plea hearing "constitute a formidable barrier in any subsequent collateral proceedings").

Elements of an Ineffective Assistance of Counsel Claim. An accused's Sixth Amendment right to the assistance of counsel is a right to the effective assistance of counsel. **Marcrum v. Luebbers**, 509 F.3d 489, 502 (8th Cir. 2007) (citing <u>Kimmelman v. Morrison</u>, 477 U.S. 365, 377 (1986)). In **Strickland v. Washington**, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether or not an attorney provided effective assistance of counsel. The petitioner must establish both deficient performance, i.e., that "counsel's representation fell below an objective standard of reasonableness," and prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." **Strickland**, 466 U.S. at 687-88, 694. This same two-part standard "applies to challenges to guilty pleas based on [the] ineffective assistance of counsel." **Hill v. Lockhart**, 474 U.S. 52, 57-59 (1985); **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001). Importantly, to prevail on an ineffective assistance of counsel claim in a § 2254 habeas case, Petitioner

must do more than show that he would have satisfied <u>Strickland</u>'s test if his

claim were being analyzed in the first instance, because under [28 U.S.C.] § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied <u>Strickland</u> incorrectly. Rather, he must show that the [state appellate court] applied <u>Strickland</u> to the facts of his case in an objectively unreasonable manner.

**Bell v. Cone**, 535 U.S. 685, 698-99 (2002) (one citation omitted); **Underdahl v. Carlson**, 381 F.3d 740, 742 (8th Cir. 2004).

For the performance prong of an ineffective assistance of counsel claim, a petitioner must demonstrate that "counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonably competent attorney." **Armstrong v. Kemna**, 534 F.3d 857, 863 (8th Cir. 2008) ("**Armstrong**") (citing <u>Strickland</u>, 466 U.S. at 687-89). "Only reasonable competence, the sort expected of the 'ordinary fallible lawyer,' is demanded by the Sixth Amendment." **White v. Helling**, 194 F.3d 937, 941 (8th Cir. 1999) (quoting <u>Nolan v. Armontrout</u>, 973 F.2d 615, 618 (8th Cir. 1992)). The court is highly deferential in analyzing counsel's conduct and "'indulg[es] a strong presumption that counsel's conduct falls within the wide range of professional judgment.'" **Armstrong**, 534 F.3d at 863 (quoting <u>Middleton v. Roper</u>, 455 F.3d 838, 846 (8th Cir. 2006)); <u>accord</u> **Nguyen**, 114 F.3d at 704 (addressing a claim that counsel provided ineffective assistance with respect to a guilty plea and stating that "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance'" (quoting <u>Strickland</u>, 466 U.S. at 689)).

To establish prejudice, there must be a showing of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

**Strickland**, 466 U.S. at 694; **Armstrong v. Kemna**, 590 F.3d 592, 595-96 (8th Cir. 2010) ("**Kemna**") (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1105 (8th Cir. 1996)). "'A reasonable probability is [a probability] sufficient to undermine confidence in the outcome.'" **Kemna**, 590 F.3d at 596 (quoting McCauley-Bey, 97 F.3d at 1105); accord **Carroll v. Schriro**, 243 F.3d 1097, 1100 (8th Cir. 2001) (quoting Strickland, 466 U.S. at 694). The petitioner bears the burden of showing such a reasonable probability. **Lawrence v. Armontrout**, 961 F.2d 113, 115 (8th Cir. 1992).

When a petitioner has pleaded guilty,

[t]he second, or "prejudice," requirement . . . focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

**Hill**, 474 U.S. at 59; accord **Premo v. Moore**, 131 S. Ct. 733, 743 (2011) (to prevail on the prejudice element of an ineffective assistance of counsel claim related to a guilty plea, the petitioner had to demonstrate "'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' Hill," 474 U.S. at 59). The assessment of prejudice resulting from an attorney's allegedly deficient performance pertaining to a guilty plea, depends "in large part on a prediction whether" plea negotiations or a trial would have turned out differently. Cf. **Hill**, 474 U.S. at 59. Such a prediction must "be made objectively." **Id.** at 59-60.

The question of prejudice from counsel's performance need not be reached if the

performance was not deficient.  See **Parkus v. Bowersox**, 157 F.3d 1136, 1140 (8th Cir. 1998).  Conversely, the question of counsel's allegedly deficient performance need not be reached if a petitioner has failed to show prejudice.  See **Strickland**, 466 U.S. at 697; **Williams v. Locke**, 403 F.3d 1022, 1025 (8th Cir. 2005).

Here, Petitioner has not satisfied his heavy burden to show the incorrectness or unreasonableness of the Missouri Court of Appeals' determination that he had not established his plea counsel provided ineffective assistance in discussing the potential sentence with him. It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not" within the range of competence required of attorneys in criminal cases.  **Hill**, 474 U.S. at 56-57 (quoting  Tolett v. Henderson, 411 U.S. 258, 267 (1973)).  Here, any advice counsel may have provided Petitioner regarding his sentence did not affect the voluntariness and intelligence of Petitioner's plea because, during the plea proceeding, Petitioner acknowledged that no one had promised him anything to get him to plead guilty; acknowledged that the State was recommending two concurrent twenty-year sentences; and acknowledged that the possible sentences ranged from ten years to thirty years or life for the first-degree robbery offense and from three years to life for the armed criminal action offense.  These sworn statements by Petitioner support the state appellate court's decision to uphold the denial of Petitioner's amended post-conviction motion, for a petitioner's acknowledgment in open court of the potential term of imprisonment he may receive upon a plea does not support habeas relief based on a claim the attorney incorrectly informed the

petitioner of a different sentence.  See **Premachandra v. United States**, 101 F.3d 68, 69 (8th

Cir. 1996) (rejecting habeas claim that a guilty plea was not voluntary in that trial counsel had

incorrectly informed the petitioner that he would not serve a lengthy prison term if he pled

guilty because, in relevant part, at the plea proceeding, the petitioner expressly acknowledged

the potential sentence he faced); see also **United States v. Has No Horses**, 261 F.3d 744, 749

(8th Cir. 2001) (rejecting, based on the defendant's testimony during the plea, a claim that

erroneous advice by counsel about an expected sentence entitled the defendant to set aside his

guilty plea); **United States v. McKnight**, 186 F.3d 867, 869 (8th Cir. 1999) (per curiam) (the

court concluded that the defendant's hope of a lesser sentence did "not translate into a claim

for relief" because the plea agreement and colloquy indicated that the defendant knew he faced

a greater sentence).   Additionally, the plea court advised Petitioner, at the end of the plea

proceeding and prior to the sentencing proceeding, that the court was anticipating the

imposition of a seventeen-year term of imprisonment.

Whatever Petitioner hoped his sentence would be, his guilty plea was not induced by

any misinformation about its length or character.  There is no showing that Petitioner's guilty

plea was involuntary due to any advice his attorney may have provided regarding a potential

sentence.  The state appellate court's decision affirming the motion court's denial of relief on

Petitioner's claim that his attorney provided ineffective assistance by advising Petitioner he

would receive a shorter term of imprisonment than the seventeen-year sentence he received,

is not contrary to, or an unreasonable application of, clearly established Federal law; and is not

based on an unreasonable determination of the facts.  Accordingly, that aspect of ground three

in Petitioner's habeas petition should be denied as without merit.

**Conclusion**

After careful consideration, the undersigned recommends that Petitioner's federal habeas petition be denied because grounds one and two are procedurally barred and because ground three is procedurally barred in part and otherwise lacks merit.  Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of the Court shall file and maintain the Legal File for the underlying state cases (Resp't Ex. A at Document 7) **UNDER SEAL.**

**IT IS FURTHER RECOMMENDED** that the 28 U.S.C. § 2254 petition of Ozzie Horton be **DENIED** without further proceedings.

The parties are advised that they have **fourteen days** to file written objections to this Recommendation and the Memorandum incorporated herein pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 1st day of July, 2014.